People v Wares (2018 NY Slip Op 07160)





People v Wares


2018 NY Slip Op 07160


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2013-05009
 (Ind. No. 12-103)

[*1]The People of the State of New York, respondent,
v
Clifford Wares, appellant.


John P. Savoca, Yorktown, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Elizabeth L. Schulz and Robert Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Jeffrey G. Berry, J.), rendered February 19, 2013, convicting him of assault in the second degree and resisting arrest, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
On November 3, 2011, police officers conducted a search at a public park in Orange County for the defendant, who was wanted on pending criminal charges in Ulster County. The defendant was spotted in the park by officers in a helicopter. Other officers on the ground then pursued the defendant, who fled, on foot and caught him. One officer attempted to handcuff the defendant, who struggled and repeatedly tried to strike the officer. While subduing the defendant, the officer injured his hand and subsequently missed seven weeks of work due to his injury. After a nonjury trial, the defendant was convicted of assault in the second degree and resisting arrest.
The defendant failed to preserve for appellate review his present challenge to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt of the crimes of which he was convicted beyond a reasonable doubt. Specifically, there was ample trial evidence that the defendant committed the crime of assault in the second degree by causing physical injury to a police officer while intending to prevent the officer from performing a lawful duty in handcuffing the defendant and placing him under arrest (see Penal Law § 120.05[3]). Similarly, the evidence established the elements of the crime of resisting arrest by demonstrating that the defendant intentionally attempted to prevent his own authorized arrest by the police (see Penal Law § 205.30). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court